■ FLORENCE GARFINKEL et al., Appellants, v. ELIZABETH WILEN, Respondent.— In an action to recover damages for personal injuries sustained by a wife, and for medical expenses and loss of services by her husband, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered January 20, 1964 on a decision which granted defendant's motion to set aside a jury verdict in plaintiffs' favor and directed a verdict for defendant. Judgment affirmed, without costs. In our opinion, the evidence adduced by plaintiffs was insufficient as a matter of law to establish that defendant deviated from the accepted standard of diagnosis and treatment, and that the damages claimed to have beeen sustained were attributable to any act or failure to act on the defendant's part. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ MARJORIE C. GIANELLI, Individually and as Executrix of WILLIAM J. GIANELLI, Deceased, Respondent, v. WILGIAN PRESS, INC., et al., Appellants.— In an action for a declaratory judgment as to the ownership of the capital stock in the defendant corporation which had been owned by plaintiff's testator at the time of his death, and as to a certain "buy and sell" agreement which the plaintiff contends was made only with respect to the assets of a partnership business of which her testator and his brother, defendant Alfred Giannelli, were the partners, the appeal is by defendants from a judgment of the Supreme Court, Nassau County, entered January 14, 1965, declaring that plaintiff, as executrix, is the owner of 50% of the capital stock of the defendant corporation. Judgment affirmed, with costs. No opinion. Christ, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial for a full and complete development of the facts with respect to an obviously ambiguous contract.

■ BEATRICE GOLDSTEIN, Respondent, v. ELI GOLDSTEIN, Appellant.— In an action for separation, the defendant husband appeals from two orders of the Supreme Court, Kings County, (1) an order entered October 15, 1964 entered upon the oral decision of a Special Referee to hear and determine, which modified a judgment for the plaintiff wife as of August 15, 1964, by reducing alimony from $185 a week to $165 a week, but fined defendant $2,625 for nonpayment of arrears; and (2) an order entered October 22, 1964, which adjudged defendant to be in contempt of court and permitted him to purge himself by payment of $10 a week on account of the arrears, in addition to the payment of current alimony. Order entered October 15, 1964 modified by reducing the amount of alimony commencing as of August 15, 1964 to $125 a week in lieu of $165 a week as set forth in the second and fifth ordering paragraphs of said order. Order entered October 22, 1964 modified by substituting $125 a week in lieu of $165 a week as the amount of current alimony and $135 a week in lieu of $175 a week, as set forth in the fifth and sixth ordering paragraphs of said order. As so modified, the orders are affirmed, without costs. In the light of appellant's present income, as well as the ability to work of the daughter receiving unemployment insurance (which we find), the appellant was entitled to a more substantial decrease in alimony than that allowed by the Special Referee. Accordingly, we reduce the amount to the $125 a week. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.